UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MARIE MORALES,                  :
      Plaintiff,                :
V.                              :      CASE NO. 3:08-CV-1352(RNC)
LUIS COLON,                     :
      Defendant.                :

                           RULING AND ORDER

     Plaintiff, a recipient of rental assistance under the federal program commonly referred to as "Section 8," brings this qui tam action against her former landlord alleging that he violated the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, by demanding and receiving from her payment of rent in excess of the amount permitted by law.  She moves for summary judgment (doc. 36) contending that on May 10, 2010, a request for admissions was served on the defendant pursuant to Rule 36 of the Federal Rules of Civil Procedure calling on him to admit the genuineness of 28 receipts he allegedly gave her for extra rent and Cable TV payments.  She alleges that the defendant failed to respond to the request within 30 days and thus is deemed to have admitted the genuineness of the receipts under Rule 36(a)(3), providing a basis for summary judgment on the issue of his liability under the False Claims Act.  The defendant's counsel responds that he was unaware of the request for admissions until he attended a settlement conference on June 18, 2010, that he asked plaintiff's counsel to provide him with a copy of the request for admissions

so he could respond, that plaintiff's counsel did not forward the request until July 8, and that on receiving the request he responded immediately, denying that the defendant charged or received extra rent and denying that the signature on the receipts is the defendant's.

A party's failure to respond to a request for admissions in a timely manner permits a court to enter summary judgment if the facts admitted are dispositive.  See Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 687 (2d Cir. 1966).  But the court is not required to do so.  Id.  Instead, the court may allow untimely responses when doing so will aid in presentation of the merits of the action and the delay in responding caused no prejudice to the requesting party.  See id.; 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2257, at 345 and n.12 (3d ed. 2010) (collecting cases).

In this case, assuming without deciding that the request for admissions was served on May 10, I find that allowing the defendant's untimely responses will promote the presentation of the merits of the action.  I also find that the plaintiff has not shown prejudice arising from the delay.  Accordingly, the motion for summary judgment (doc. 36) is hereby denied.

So ordered this 30th day of March 2011.

/s/
Robert N. Chatigny
United States District Judge

2