UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel*. MARIE MORALES, and | ) | |
| | ) | Civ. Action No.:  3:08 CV 01352- RNC |
| MAIRE MORALES, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUIS COLON, | ) | August 1, 2011 |
| | ) | |
|     Defendant. | ) | |

PLAINTIFF'S TIRAL BRIEF

I. Introduction

The "Housing Choice Voucher Program" (HCVP), commonly known as Section 8 federal housing program that allows participating tenants to rent privately-owned apartments while paying between 30 and 40 percent of their monthly income toward the rent.  The United States Department of Housing and Urban Development, acting through a local public housing agency, pays the balance of the rent directly to the landlord.  Marie Morales rented an apartment from Luis Colon utilizing her Section 8 rental assistance.  Simultaneously with renting the apartment to Ms. Morales, Mr. Colon entered into a Section 8 agreement with the Housing Authority of the City of Bridgeport (HACB).  Mr. Colon demanded and accepted excess rent and Cable TV payments from Ms. Morales in addition to her portion of the rent determined by HACB.  Mr. Colon demanding and accepting from Ms. Morales these additional rent payments is a violation of the False Claims Act, 31 U.S.C. §3729, *et seq*.

Ms. Morales delivered to Mr. Colon a security deposit upon renting the apartment. Mr. Colon has refused to return to Ms. Morales the portion of her security deposit she became entitled to when she moved out. Mr. Colon's refusal to return Ms. Morales's security deposit to her is a violation of Connecticut's security deposit act and Unfair Trade Practices Act.

II    <u>Legal Argument</u>

    A.   <u>False Claims Act</u>

    (i)   False Claim.

Three District Courts have found that collection of additional rent beyond that allowed by a Section 8 is actionable under the False Claims Act. <u>U.S. ex rel. Smith v. Gilbert Realty Co., Inc.</u>, 840 F.Supp. 71 (E.D.Mich.1993); <u>Coleman v. Hernandez</u>, 490 F.Supp.2d 278, 280-281 (D.Conn.2007), and <u>U.S.ex rel. Sutton v.Reynolds</u>, 564 F.Supp. 2d 1183 (D.Oregon 2007).

"Liability under the False Claims Act arises when a person 'knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval.' 31 U.S.C. § 3729(a)(1). A person who violates the False Claims Act 'is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person....' 31 U.S.C. § 3729(a). In August of 1999, the Department of Justice raised the penalty range for the False Claims Act to $5,500 to $11,000. 28 C.F.R. § 85.3(9); 28 U.S.C. § 2461 (note) (empowering each federal agency to make inflationary adjustments to civil monetary penalties in the agency's jurisdiction).

"Liability attaches for each false claim submitted. Thus, a defendant is subject to a civil penalty and treble damages on each false claim. *United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1157 (2d Cir.1993) (holding that "the number of

assertable False Claims Act claims is not measured by the number of contracts, but rather by the number of fraudulent acts committed by the defendant") (citing *United States v. Ehrlich*, 643 F.2d 634, 638 (9th Cir.1981)) ("[I]f a person knowingly causes a specific number of false claims to be filed, he is liable for an equal number of forfeitures."). A "claim" means:

> any request or demand ... for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(c). " Coleman v. Hernandez, *supra*, 280-281.

Ms. Morales alleges, Complaint ¶30, that she made 31 separate monthly additional rent payments to Mr. Colon, totaling $5,608.  Ms. Morales further alleges, Complaint ¶40, that Mr. Colon endorsed 29 separate housing assistance payment checks received from HACB for the Section 8 portion of the contract rent.

Each time Mr. Colon cashed each check, he implicitly certified that he was not getting any additional payments. "An implied false certification claim is based on the notion that the act of submitting a claim for reimbursement itself implies compliance with governing federal rules that are a precondition to payment." Mikes v. Straus, 274 F.3d 687, 699 (2d Cir.2001). The theory applies "only when the underlying statute or regulation upon which the plaintiff relies expressly states the [claimant] must comply in order to be paid." Id. at 700.

The HAP contract and HUD regulations require that the owner not demand or accept any additional payment from the tenant. See 24 C.F.R. § 982.451(b)(4)(ii). Mr. Colon's endorsement and presentment of the housing assistance payment checks, while he knowingly received additional payments from Ms. Morales in addition her portion of the rent as determined by HACB, thus constitutes false claims or representations to the Government.

(ii)     Claims For Damages

The plaintiff United States of America suffered damages of $16,824.00 (3 x $5,608.00), for the thirty-one violations of the False Claims Act by reason of the defendant endorsing and presenting for payment the thirty-one (31) separate housing assistance check while receiving side payments for cable television and additional rent from Ms. Morales because "[o]rdinarily the measure of the government's damages would be the amount that it paid out by reason of the false statements over and above what it would have paid if the claims had been truthful." U.S. v. Woodbury, 359 F.2d 370, 379 (9th Cir. 1966). *See* United States v. Mackby, 339 F.3d 1013, 1018 (9th Cir. 2003), and Coleman v. Hernandez, *supra*. Pursuant to the False Claims Act, 31 U.S.C. §3729(a)(7), the defendant "is liable to the United States Government for a civil penalty of not less than $5,000.00 and not more than $10,000.00, plus 3 times the amount of damages which the Government sustains because of the act of that person….". The Department of Justice, in August of 1999, raised the penalty range for the False Claims Act to $5,500.00 to $11,000.00. 28 C.F.R. § 85.3(9).  The plaintiff United States requests it be awarded damages in the amount of $16,824.00 (3 x $5,608.00), plus a civil penalty in the amount of $341,000.00 (31 x $11,000.00).

Ms. Morales requests that the court award her damages in the amount of $5,608.00, for side payments she made when defendant unlawfully demanded from her for cable television and additional rent in excess of her portion of the rent under the rules of Section 8.

(iii)    Qui Tam Award

On March 12, 2009, the United States advised this court of its decision not to intervene in this action.  Pursuant to 31 United States Code §3730(d)(2) "If the Government does not proceed with a action under this section, the person bringing the action … shall receive an amount the

4

court decides is reasonable for collecting the civil penalty and damages.  The amount shall not be less than 25 percent and not more than 30 percent…."  The *qui tam* plaintiff Morales requests she be awarded thirty percent (30%) of the proceeds awarded the United States in this action.

    B.  <u>Security Deposit</u>

Ms. Morales delivered to Mr. Colon a security deposit in the amount of $2,000.00.  Complaint ¶45.  Connecticut General Statute §47a-21(d) provides, in part, that "the landlord at the time a tenancy is terminated … shall pay to the tenant …[t]he amount of any security deposit that was deposited by the tenant with … landlord at the time such security deposit was deposited less the value of any damages which … landlord … has suffered as a result of such tenant's failure to comply with such tenant's obligations."

Ms. Morales vacated the premises on March 11, 2008.  Complaint ¶46.  Mr. Colon, without justification, claimed that Ms. Morales had damaged the property and/or otherwise failed to comply with her tenant obligations.  Ms. Morales denies she is liable to Mr. Colon for any "Missed rental and use and occupancy payments" from July 2007 through February 2008 as all rent and use and occupancy payments due for said period were paid; denies the claim for "late fees" as all rental payments were timely make and the lease does not provide for the payment of late fees; <u>Putnam Park Associates v. Fahnestock and Co., Inc</u>., 73 Conn.App. 1, 807 A.2d 991, Conn.App.(2002); disputes and denies defendant's charge for "Clean up of unit and removal of debris" as she left the premises in a broom clean condition; denies the claim for "Extermination fee" as the lease specifically provides that the defendant landlord shall provide all extermination services; disputes and denies the defendant's charge for "Replacement of broken items" as she left the premises in an undamaged condition; denies the defendant's charge for "Court costs, State Marshal fees and Legal fees" as no court of competent jurisdiction has ever awarded the

defendant court costs, including marshal's fee, and/or attorney's fees in any landlord/tenant litigation between the parties. Complaint ¶49. Ms. Morales admits that Mr. Colon.is entitled to deduct the sum of $24.49 for reasonable use and occupancy for the period from March 1 through and inclusive of March 11, 2008.

Mr. Colon unlawfully kept for his own benefit $1,975.51 Ms. Colon's security deposit.

C.  Unfair Trade Practice Act

A landlord demanding and accepting additional rent payments from a Section 8 tenant and the landlord refusing and failing to return the tenant the tenant's security deposit, constitute separate violations of the Connecticut Unfair Trade Practices Act, Connecticut General Statute §42-110a, et seq.  Conaway v. Prestia, 191 Conn. 484, 464 A.2d 847 (1983), Fitzpatrick v. Scalzi, 72 Conn.App. 779, 806 A.2d 593 (2002).

        Respectfully submitted,

        CONNECTICUT LEGAL SERVICES, INC.


        BY  _s/ Frederic S. Brody_____
           Frederic S. Brody, Federal Bar No. 15510
           Attorney for Plaintiff Marie Morales
           20 Summer Street
           Stamford, Connecticut 06901
           Telephone:       (203)348-9216
           Facsimile:        (203)348-2589
           Email:   rbrody@connlegalservices.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System

        _s/_____
        Frederic S. Brody, Federal Bar No. 15510